# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JULY 1999 SESSION



**FILED**

**October 6, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 02C01-9904-CC-00128 |
| | ) | |
| vs. | ) | Chester County |
| | ) | |
| **MARSH BARHAM,** | ) | Hon. Franklin Murchison, Judge |
| | ) | |
| Appellant. | ) | (Community Corrections |
| | ) | Revocation) |

**FOR THE APPELLANT:**
**MICHAEL D. RASNAKE (at hearing)**
Assistant Public Defender
227 W. Baltimore St.
Jackson, TN 38301

**CLIFFORD K. McGOWN (on appeal)**
Attorney at Law
P.O. Box 26
Waverly, TN 37185

**FOR THE APPELLEE:**
**PAUL G. SUMMERS**
Attorney General & Reporter

**R. STEPHEN JOBE**
Asst. Attorney General
425 Fifth Ave. North
2d Floor, Cordell Hull Bldg.
Nashville, TN 37243-0493

**JAMES G. (JERRY) WOODALL**
District Attorney General

**NICK NICOLA**
Asst. District Attomey General
P.O. Box 2528
Jackson, TN 38301

OPINION FILED:_____

**AFFIRMED**

**JAMES CURWOOD WITT, JR., JUDGE**

## OPINION

The defendant, Marsh Barham, appeals from the revocation of his Community Corrections sentence. Barham contends that the trial court should have imposed a short period of incarceration followed by intensive probation and drug treatment, rather than requiring that he serve his entire sentence in the Department of Correction. Upon review of the record, the briefs of the parties, and the applicable law, we affirm.

Barham was convicted of sale and delivery of cocaine (case 3384) and theft under $500 (case 3383) in 1994. He received a five-year sentence for the sale and delivery conviction and an eleven month, 29 day sentence for theft, imposed concurrently for an effective sentence of five years. Barham then entered the Department of Correction boot camp program and was released to serve the balance of his five-year sentence on probation in 1995. In 1997, Barham received a second conviction of sale and delivery of cocaine (case 3567). As part of his plea agreement, he received a six-year sentence to be served in the Community Corrections program consecutively to the sentence for case 3384, the five-year sale and delivery conviction. The plea agreement further provided for Barham's probation in case 3384 to be revoked and the balance of that sentence to be served in the Community Corrections program.

Later in 1997, a violation warrant issued in case 3384. By agreed order, the defendant was ordered to serve 45 days for the violation and to return thereafter to Community Corrections. By all accounts, the defendant served the 45 days but never again reported to the Community Corrections program.

In May 1998, a revocation warrant issued which alleged the defendant had failed to pay fees and costs, failed to report, and had obtained new criminal charges. A hearing was conducted at which Barham admitted he had failed to

report to the Community Corrections program following his 45-day incarceration. He claimed he misunderstood the terms of the order; he believed he was to serve the jail time and then be released from further supervision. Barham also admitted he had received a new conviction. He claimed he had been unable to pay his fees and costs because he was having a difficult time earning money honestly, as he was no longer selling drugs.

At the conclusion of the hearing, the trial court found Barham incredible and revoked him from the Community Corrections program in favor of incarceration.

The issue presented by Barham is whether the trial court erred in revoking his Community Corrections status and ordering him to serve his sentence in the Department of Correction. In a revocation proceeding, the state has the burden of proving the violation by a preponderance of the evidence. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). The trial court is entitled to exercise its discretion to revoke a Community Corrections sentence upon a finding that the defendant has violated the conditions of the sentence. Harkins, 811 S.W.2d at 82. Before the trial court may revoke the Community Corrections sentence, the record must contain sufficient evidence to permit the court to make an intelligent and conscientious decision. Harkins, 811 S.W.2d at 82. Upon revocation, the court may order the defendant to serve her sentence in confinement. Harkins, 811 S.W.2d at 82. On appeal, the trial court's order revoking a Community Corrections sentence is subject to reversal only upon a showing of an abuse of discretion. Harkins, 811 S.W.2d at 82. In order for an abuse of discretion to occur, the reviewing court must find that the record contains no substantial evidence sufficient to support the trial judge's conclusion that the violation of the terms of the sentence has occurred. Harkins, 811 S.W.2d at 82.

3

In the case at bar, Barham's own testimony established that he violated the terms of his Community Corrections sentence. Barham admitted that he failed to report following the incarcerative period he served for his previous revocation and that he had received a new conviction which he had not reported to the supervisory authority. The trial court found the defendant's allegation that he did not know he was subject to Community Corrections supervision to be incredible. The only question before this court is whether the trial court was within its discretion in removing Barham from the Community Corrections program and ordering him to serve his remaining time in prison. We hold that the trial court acted within its discretion. Barham has had repeated opportunities to serve his sentence in the community. He began serving his sentence in case 3384 in boot camp followed by probation. He proved himself unworthy of probation, accruing numerous alleged violations. He was eventually transferred to Community Corrections supervision as part of a plea bargain in case 3567. He violated the terms of that sentence and served a short period of incarceration, which proved an insufficient deterrent to further violations. Obviously, this defendant is one whose prospects of rehabilitation are virtually nil. As the trial court aptly stated, "We have been dealing with Mr. Barham for years and years, and he is not ever going to make it on any kind of release program . . . ." The evidence more than sufficiently supports the trial court's determination.

The judgment of trial court is affirmed.

_____

4

                                        JAMES CURWOOD WITT, JR., JUDGE

CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE